**Jessie Lee BURKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48457.**

Court of Criminal Appeals of Texas.

June 12, 1974.

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell & John Pizzitola, Asst. Dist. Attys., Hous-

ton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was indicted for the offense of assault with intent to murder with malice. The jury found him guilty of aggravated assault and assessed his punishment at confinement for two years in the county jail and a fine of one thousand dollars.

Appellant's first ground of error challenges the sufficiency of the evidence. From the argument in support of this contention, it appears that appellant is complaining of the court's charge because it included an instruction on aggravated assault, and of the jury's verdict finding him guilty of that offense. Appellant contends that the issue of aggravated assault was not raised by the evidence and that therefore: (a) no charge should have been given on it; and (b) the evidence cannot support the jury's finding that it occurred.

The testimony reflects that the complaining witness, Kennedy, went to an apartment where appellant and others were playing cards. One of the players, Troy Ray, and the appellant began having difficulties and a fight ensued. During this fight, a pistol fell from appellant's clothing and Ray recovered it. Ray then left the premises, taking the pistol with him, and appellant left shortly thereafter.

The complaining witness and another witness then testified that appellant returned about thirty-five or forty minutes later with a shotgun and demanded to know where Ray was. When the complaining witness was unable to answer him, appellant demanded that Kennedy give him $150.00. Kennedy attempted to reason with appellant who remained adamant in his demand for money. Kennedy then attempted to run from the room and appellant shot him with the shotgun from a distance of about two or three feet.

The appellant testified that after the fight occurred he took the shotgun from his automobile and returned to the scene in order to find Ray and recover his pistol. He stated that he did not demand money from Kennedy and that he shot Kennedy accidentally when the man grabbed the shotgun and attempted to take it from him.

■ Appellant contends that this evidence does not raise the issue of aggravated assault and that he was either guilty of assault with intent to murder or not guilty because the shooting was accidental. We do not agree.

■ We note initially that the appellant made no objection to the court's charge. However, such objection, if made, would have been without merit, because the court should charge on aggravated assault whenever there is testimony which, if true, would render it doubtful whether the accused possessed the necessary intent to kill. See 4 Branch's Ann.P.C., Secs. 1853 and 1856 and cases there cited.

■ Further, it is well established that a conviction for a lesser offense will be sustained when the evidence shows the commission of a greater offense, if the lesser offense is of the same nature as the offense proved. See Tollett v. State, 456 S. W.2d 909 (Tex.Cr.App.1970) and McDonald v. State, 462 S.W.2d 40 (Tex.Cr. App.1970) and cases there cited.

■ Appellant's second ground of error urges that error occurred during the punishment stage of the trial when the court refused to strike the testimony of a State's character witness, one Baiamonte.

Baiamonte testified that he was aware of appellant's reputation as a peaceful and law-abiding citizen and that it was bad. On cross-examination, he stated that he had heard of appellant's reputation from "informants" whose names he did not wish to reveal.

Appellant urges that Baiamonte was not a qualified character witness, and that his

answers showed that his testimony was not based on the opinions of those with whom appellant associated. The record also reflects that Baiamonte stated, on cross-examination, that he knew appellant's address and knew a number of people in that community; that he had formed his opinion by knowing the people in that community; and that his "informers" resided in that community.

Appellant's only objection to Baiamonte's testimony was that no proper predicate had been laid for it. The court then offered appellant an opportunity to further test the witness' qualifications, which was refused. The testimony of the witness sufficiently established his qualification to speak in reference to appellant's reputation. There was no error. Compare Loyd v. State, 506 S.W.2d 600 (Tex.Cr.App.1974).

The judgment is affirmed.

MORRISON and DOUGLAS, JJ., concur in the results.