David ETHRIDGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–81–122–CR.

Court of Appeals of Texas,
Austin.

June 2, 1982.

Discretionary Review Refused
Sept. 15, 1982.

---

Gerald Goynes, Montgomery, for appellant.

Charles D. Houston, Dist. Atty., Bellville, for appellee.

POWERS, Justice.

Appellant was convicted of aggravated assault and sentenced to a term of imprisonment not less than two nor more than eight years. The indictment accused appellant of (1) attempted murder with a firearm (Tex.Penal Code Ann. §§ 19.02, 15.01) and (2) intentionally and knowingly causing serious bodily injury to the same victim by shooting him with a firearm (aggravated assault, Tex.Penal Code Ann. § 22.02). Appellant attacked by a motion to quash the second count of the indictment, alleging that it failed to give fair notice, among other alleged defects. The record does not reflect that the court ruled on the motion in that respect, but it does reflect that the State filed a written election to proceed to trial on the first count only.

The indictment arose out of the following events: Appellant came to the house of a female friend who told him she had just been raped by a man named Johnson. The appellant ran outside where he was handed a firearm by an acquaintance. The acquaintance saw Johnson concealed in nearby bushes and pointed him out to appellant. Johnson fled across a field and was fired at by appellant. Four shots hit Johnson, who surrendered to peace officers coming toward the scene in an automobile.

The trial court submitted to the jury a charge which included: (1) the offense of attempted murder with the exculpatory circumstance of acting under sudden passion arising from an adequate cause; (2) the

offense of attempted voluntary manslaughter in the same exculpatory circumstances; and (3) aggravated assault.[1]

██ The charge of attempted murder was, of course, the sole accusation of criminal conduct remaining in the indictment after the State elected to proceed on that accusation alone. Voluntary manslaughter is a lesser-included offense of murder. *Brooks v. State*, 548 S.W.2d 680 (Tex.Cr. App.1977). Attempted voluntary manslaughter is a lesser-included offense of attempted murder. Tex.Penal Code Ann. §§ 15.01(a), 19.02. Aggravated assault is a lesser-included offense of an attempt to commit murder. *Hart v. State*, 581 S.W.2d 675 (Tex.Cr.App.1979).

In their verdict, the jury refused to find appellant guilty of attempted murder or attempted voluntary manslaughter. They did, however, find him guilty of aggravated assault. The evidence includes appellant's testimony to the effect that he fired three or possibly four warning shots trying to stop Johnson as he ran away from appellant. Appellant admitted in his testimony that he fired at Johnson "as he was running across," but did so "not intending to kill." The crime of assault is defined for our purposes as "intentionally, knowingly, or recklessly [causing] bodily injury to another ..." Tex.Penal Code Ann. § 22.01(a)(1). The aggravated nature of the offense in the present case results from the serious bodily injury shown by the evidence to have been sustained by Johnson and from appellant's use of a deadly weapon to inflict that injury. *Id.*, § 22.02.

██ Appellant's first ground of error is that the court erred in charging the jury that they may find the appellant guilty of aggravated assault if they find beyond a reasonable doubt that appellant "intentionally, knowingly, or *recklessly*" caused serious bodily injury to Johnson by shooting him with a gun. Acknowledging that the element of recklessness is included as part of the definition of assault in Tex.Penal Code § 22.01, appellant argues that its inclusion in the charge was error because the second count of the indictment charged only that appellant acted "knowingly" or "intentionally." He reasons that inclusion of the word "recklessly" in the charge to the jury permitted them to find him guilty on a theory (recklessness) not contained in the indictment.

Nevertheless, the record reflects that the State elected and relied only upon the accusation of attempted murder contained in the indictment. The State was therefore entitled to the charge of aggravated assault, not because it was contained in the indictment, but upon the independent ground that it is a lesser-included offense of attempted murder, developed in the evidence adduced at trial. The court correctly included in its charge this lesser-included offense raised by the evidence. *Burks v. State*, 510 S.W.2d 321 (Tex.Cr.App.1974). The evidence which raised the offense of aggravated assault was appellant's own

1. The jury were instructed as follows in respect of the accusation of aggravated assault:

A person commits an assault if he intentionally, knowingly, or recklessly causes bodily injury to another person. Such an assault is aggravated assault if it causes serious bodily injury to another or if the person committing the assault uses a deadly weapon.

A person acts "recklessly" or is "reckless" with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the standpoint of the person charged.

Now, if you find from the evidence beyond a reasonable doubt that on the occasion in question the Defendant, DAVID ETHRIDGE did intentionally or knowingly or recklessly Cause bodily injury to BYRON JOHNSON by shooting him with a deadly weapon, to wit, a gun but you further believe from the evidence, or you have a reasonable doubt thereof, that the Defendant did not intend to kill the said BYRON JOHNSON, then you will find the Defendant guilty of aggravated assault.

If you have a reasonable doubt as to whether Defendant is guilty of aggravated assault under the instructions given you, you will find the Defendant not guilty.

statement that he shot at Johnson intending not to kill him but only to stop him (the converse, of course, would have supplied the specific intent to kill which was necessary to the attempted murder accusation). Holding the element of recklessness was therefore properly included in the charge, by virtue of Tex.Penal Code § 22.01, we overrule appellant's first ground of error.

■ The indictment alleges that appellant shot Johnson with the specific intent to commit the offense of murder, "and said act amounted to more than mere preparation and tended to effect the commission of said murder." *See* Tex.Penal Code § 15.01(a). The indictment omits the phrase "but fail[ed] to effect the commission of the offense intended." Appellant complains the trial court erred in overruling his motion to quash which, in general language, complained that the indictment failed to state a criminal offense and was vague and uncertain for failing to state the essential facts constituting the offense. The trial court's error, if any, in overruling appellant's motion to quash was harmless for appellant was not found by the jury to be guilty of attempted murder. Moreover, omission of the phrase, "but fail[ed] to effect the commission of the offense intended," is not fundamental error. *Cody v. State*, 605 S.W.2d 271 (Tex.Cr.App.1980); *Coleman v. State*, 542 S.W.2d 144 (Tex.Cr.App.1976).

■ Appellant's remaining points of error complain that the trial court erred in refusing to include in its charge to the jury certain defenses claimed to have been shown in the evidence, to-wit: that appellant acted in defense of a third person; that he acted in defense of property; that he acted in self-defense; and, curiously, that he acted only recklessly and not with the intent to kill. The evidence claimed to give rise to the first three defenses consists in appellant's belief that Johnson had raped appellant's girl friend, Johnson's admission that he did not leave the area but lurked behind some bushes, and appellant was fearful for his own safety and that of others because he was weak due to physical infirmities. We hold the court did not err in light of appellant's own testimony that Johnson started running away from appellant when he was handed the firearm, that Johnson never came toward appellant or others on the scene, that in fleeing the scene Johnson "took off pretty fast," appellant's specific denial that he was fearful that Johnson was about to kill him or hurt him "in any way," appellant's specific denial that he was firing at Johnson to defend others, and appellant's specific denial that Johnson had committed any criminal offense in appellant's view.[2] As to the contention that the court failed properly to charge the jury on the question of "recklessness," we hold that the charge correctly defined the word and submitted it to the jury. *See* Tex.Penal Code §§ 22.01, 22.02, 22.05. We overrule these asserted grounds of error.

Finding no error, we affirm the judgment of the trial court.

2. The following testimony by appellant is illustrative:

Q. You were not fearful he was about to hurt anybody?
A. No, sir. I had lost my fear on [sic] being hurt. I was trying to stop him.
Q. Your testimony to the Jury is, at the time you fired every shot you were not firing on account of fear?
A. No, sir. I was trying to stop him.
Q. Were you firing in self-defense?
A. No, sir.
Q. And you were not firing because you were defending any other person? . . .
A. No, sir. I was trying to stop him.