Rodney Wayne SMITH, Appellant,

v.

STATE of Texas, Appellee.

No. C14–81–771CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 10, 1982.

Certiorari Denied May 16, 1983.
See 103 S.Ct. 2102.

Randy Schaffer, Houston, for appellant.

Alvin Titus, Charley Davidson, Asst. Dist. Attys., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

## OPINION

JAMES, Justice.

This is an appeal from a conviction for attempted murder (second offender). Appellant was tried by a jury in the 228th District Court of Harris County, Texas, Hon. Clarence Stevenson, Visiting Judge. The jury found appellant guilty, found the enhancement paragraph of the indictment to be true, and assessed his punishment at confinement in the Texas Department of Corrections for seventy-five years. We affirm.

On the evening of March 15, 1981, Mary Anderson was at the apartment of Rosemary and Anthony Simon in Houston, Texas. Mary and Anthony were playing cards while Rosemary watched. At approximate-ly 8:00 P.M., appellant made an unsolicited visit to the residence and entered with invitation. Appellant, appearing "drunk or drugged" (according to Mary Anderson), sat down on the couch next to Rosemary, unzipped his pants, inserted his hand, and began "scratching" himself. Even though Rosemary asked him to leave, appellant remained on the couch and mumbled unintelligibly for approximately ten to twenty minutes. When Rosemary (three months pregnant at the time) stood up to go to the bathroom, appellant took a knife from his back pocket. Contrary to Mary's belief that appellant wasn't going to hurt Rosemary, appellant shoved Rosemary across the heater and stabbed her in the back. Upon her turning around, appellant stabbed her in the breast. Anthony then threw an ashtray at appellant, and Mary ran for help outside. Within minutes, someone came and threw appellant outside of the apartment. Appellant apparently saw Mary outside, and came at her with a knife. Mary entered the cafe across the street and requested that someone call the police and an ambulance. Appellant remained on the street corner where the police arrested him moments later. As a result of the assault, Rosemary spent a month in the hospital and lost the baby.

In his first ground of error, appellant asserts that the trial court committed reversible error by permitting the prosecutor to comment, in his final jury argument, on the failure of the appellant to testify. Specifically, appellant complains of the prosecutor's following statement:

The evidence in this case is not in dispute. You've heard one version of what happened, and that's the only version that you heard from the witness stand.

Appellant urges that prosecutor's comment was a clear violation of appellant's Fifth Amendment privilege against self-incrimination. From a review of the record, however, it becomes clear that the prosecutor's remark was one which was attempting to rebut appellant's immediately previous jury argument which pointed out the lack of

certain documents as evidence and urged varying legal theories as to the cause and extent of the crime. Essentially, the prosecution's comment was invited by the charges of the appellant in his jury argument (none of which were supported by the evidence), and it is well settled that if argument is invited, it is not improper, and therefore, does not constitute error. *Jones v. State,* 582 S.W.2d 129 (Tex.Cr.App.1979); *Hill v. State,* 518 S.W.2d 810 (Tex.Cr.App. 1975); and *Lapp v. State,* 519 S.W.2d 443 (Tex.Cr.App.1975). Furthermore, it is the rule that "a jury argument must either be extremely or manifestly improper, or inject new and harmful facts, to be reversible". *Walthall v. State,* 594 S.W.2d 74 (Tex.Cr. App.1980). Such is not the case here. Consequently, appellant's first ground of error is overruled.

◼ In his second ground of error, appellant urges that he was denied the effective assistance of counsel, citing the failure of the defense attorney to request a charge on the lesser offense of aggravated assault, and failure to object to prosecutor's statement, during final argument, and was thus denied a fair trial.

The Texas Court of Criminal Appeals, in *Burks v. State,* 510 S.W.2d 321 (Tex.Cr.App. 1974) held that "a Court should charge the jury on aggravated assault whenever there is testimony which, if true, would render it doubtful whether the accused possessed the necessary intent to kill". This same court amplified its view in *Thomas v. State,* 578 S.W.2d 691 (Tex.Cr.App.1979) stating:

A charge on a lesser included offense is not required unless the evidence raises that issue. *McBrayer v. State,* 504 S.W.2d 445 (Tex.Cr.App.1974); *Torres v. State,* 493 S.W.2d 874 (Tex.Cr.App.1973). And, if the evidence raises only the issue that the accused is guilty of the offense charged or no offense at all, the issue of a lesser included offense is not raised. *McBray v. State, supra,* and cases there cited.

*See Bravo v. State,* 627 S.W.2d 152 (Tex.Cr. App.1982). In the case at bar, there was no evidence introduced which could possibly be construed to raise the issue of aggravated assault, a lesser charge. The record reflects that three witnesses testified, and each one testified to the life-threatening nature of appellant's attack on the victim and themselves. Appellant called no witnesses to testify in his behalf, and therefore, raised no issue of a lesser offense to be considered.

The record further reflects that, outside of the presence of the jury, the Court questioned appellant about the possibility of taking the stand (and thus possibly raising the issue of aggravated assault through testimony concerning his intent), to which appellant voluntarily declined to become a witness. Therefore, noting the clear lack of evidence as to appellant's intent other than that of a deadly nature, it is clear that appellant was not denied effective assistance of counsel in this regard.

◼ With respect to appellant's assertion that he was denied the effective assistance of counsel due to the failure of his trial counsel to object to certain prosecutorial argument, we find that the law is very clear. The specific arguments complained of are as follows:

Now, I think if you review that testimony and in my mind there is no doubt that he did stab her, that there was no provocation and that he was trying to kill her. Personally, if someone stabbed me in the back and then I turned around and they cut me in the front, there is no doubt in my mind they are trying to kill me; and I don't think you can have any doubt that he was trying to hurt her or make her bleed a little bit.

The Texas Court of Criminal Appeals, in *Ramos v. State,* 419 S.W.2d 359 (Tex.Cr. App.1967), stated the applicable rule with respect to personal opinion given by the prosecution in final argument:

It is well-settled that the prosecutor can argue his opinions concerning issues in the case to the jury so long as the opinions are based on evidence in the record, and not as constituting unsworn testimony. *Van Skike v. State,* Tex.Cr.App., 388 S.W.2d 716 (1965); *Johns v. State,* 157 Tex.Cr.R. 401, 249 S.W.2d 61 (1952); *Vineyard v. State* [96 Tex.Cr.R. 401, 257 S.W. 548], supra.

This same court further outlined the rule, in *Todd v. State,* 598 S.W.2d 286 (Tex.Cr. App.1980), holding:

> It is settled that the approved general areas of jury argument, within which all proper arguments must fall are: (1) summation of the evidence: (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and, (4) plea for law enforcement. *Dunbar v. State,* 551 S.W.2d 382 (Tex.Cr.App.1977); *Alejandro v. State,* 493 S.W.2d 230 (Tex. Cr.App.1973). Even when an argument exceeds the permissible bounds of the above areas, such will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused into the trial proceeding. *Kerns v. State,* 550 S.W.2d 91 (Tex.Cr.App.1977); *Thompson v. State,* 480 S.W.2d 624 (Tex.Cr.App.1972).

We view these two arguments as the prosecutor's deductive opinion of the evidence, based on an analysis of the evidence introduced at trial. Therefore, we hold that appellant was not denied effective assistance of counsel in this regard. Appellant's second ground of error is thus overruled.

The judgment of the trial court is affirmed.