Castaneda v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-046-CR

     REYES GUADALUPE CASTANEDA, JR.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 91-161-C
                                                                                                    

O P I N I O N
                                                                                                    

      A jury found Reyes Castaneda guilty of attempted murder and assessed punishment at life in
prison. Castaneda has two points of error. First, he contends the court erred in refusing to allow
testimony concerning the victim's prior threats against him. In his second point, he argues that
the court erred in refusing to submit an instruction on the lesser-included offense of voluntary
manslaughter. We affirm.
      On December 31, 1990, Laura Rodriguez entered a bar. She immediately went into the
restroom. As she prepared to leave the restroom, she observed Castaneda in the bar with a gun. 
Because Castaneda had a gun, Rodriguez remained in the restroom until he was gone. Rodriguez
then left the bar. As she attempted to get into her car, Castaneda drove into the parking lot. He
approached Rodriguez and shot her once in the forehead.  
      In his first point Castaneda argues that the court should have allowed testimony concerning
Rodriguez' prior threats against him. He contends that Anita Marquez should have been permitted
to testify before the jury that Rodriguez told Marquez: "Waito [Rodriguez' common law husband]
and them is going to get [Castaneda]." However, there is no evidence in the record that indicates
Castaneda had knowledge of the threat. He further argues that section 19.06 of the Texas Penal
Code provides for the admission of such hearsay testimony and that excluding Marquez' testimony
constitutes reversible error. See Tex. Penal Code Ann. § 19.06 (Vernon 1989) (current version
at Tex. Penal Code Ann. § 19.06(a) (Vernon Supp. 1993)). 
      Section 19.06 states:
In all prosecutions for murder or voluntary manslaughter, the state or the defendant
shall be permitted to offer testimony as to all relevant facts and circumstances
surrounding the killing and the previous relationship existing between the accused and
the deceased, together with all relevant facts and circumstances going to show the
condition of the mind of the accused at the time of the offense.

Id. Section 19.06 does not extend the rules of hearsay to allow the admission of otherwise
inadmissible hearsay statements. Werner v. State, 711 S.W.2d 639, 644 (Tex. Crim. App. 1986). 
The excluded testimony is not only hearsay but, in fact, hearsay within hearsay. Castaneda neither
argued nor proved that the excluded statement falls within a recognized hearsay exception. 
Consequently, the hearsay testimony was properly excluded. We overrule point one.
      Castaneda's second point is that the court erred in refusing to submit an instruction on the
lesser-included offense of voluntary manslaughter. Aguilar v. State sets out the proper test for
determining whether a defendant is entitled to an instruction on a lesser-included offense. Aguilar
v. State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985). A defendant is only entitled to a lesser-included offense instruction when (1) the proof of the lesser-included offense is within proof of
the greater offense, and (2) there is some evidence that the defendant, if guilty, is guilty only of
the lesser offense. Id. 
      Here, the first prong is met. See id. Voluntary manslaughter is a lesser-included offense of
attempted murder. Etheridge v. State, 634 S.W.2d 382, 384 (Tex. App.—Austin 1982), aff'd, 648
S.W.2d 308 (Tex. Crim. App. 1983). However, the second prong of the test is not met. See
Aguliar, 682 S.W.2d at 558. Voluntary manslaughter cannot be considered a lesser-included
offense of murder unless there is some evidence of sudden passion. Bradley v. State, 688 S.W.2d
847, 849 (Tex. Crim. App. 1985). The "sudden passion" must be "directly caused by and arising
out of provocation" by the victim "at the time of the offense." Hobson v. State, 644 S.W.2d 473,
478 (Tex. Crim. App. 1983). Passion that is solely the result of former provocation is not
sufficient to raise the issue of voluntary manslaughter. Lawrence v. State, 700 S.W.2d 208, 210-11 (Tex. Crim. App. 1985).
      There is no evidence in the record to establish that Castaneda acted under the immediate
influence of sudden passion arising from adequate cause, as required for voluntary manslaughter. 
 The record contains no evidence that on December 31, 1990, Rodriguez and Castaneda ever
exchanged words, that Rodriguez engaged in any act of provocation, or that they had other
interaction with each other before the shooting. See Tex. Penal Code Ann. § 19.04 (Vernon
1989). Thus, the evidence did not raise the lesser-included offense of voluntary manslaughter, and
the court properly refused the instruction. We overrule point two and affirm.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 27, 1993
Do not publish