**Welton TEAL, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51931.**

Court of Criminal Appeals of Texas.

Nov. 10, 1976.

Rehearing Denied Dec. 8, 1976.

Don W. Duran, Lufkin, for appellant.

Gerald A. Goodwin, Dist. Atty., Lufkin, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

KEITH, Commissioner.

The appeal is from a conviction of attempted murder wherein the jury assessed the punishment at confinement for ten years.

Appellant, along with fifteen or twenty other persons including Earl Brooks, Jr., was in Curtis Henderson's Cafe on the "front" in Lufkin on the night of November 2, 1974. According to the State's testimony, appellant pulled his small pistol from his back pocket, pointed it between Brooks' eyes and pulled the trigger, but the pistol did not fire. Then, according to several State witnesses, appellant shot a second time, this time hitting Brooks in the arm.

The witnesses scattered with Brooks running out of the cafe with appellant in hot pursuit. After Brooks had reached the sidewalk running toward his car, appellant continued to shoot in his direction (although appellant claimed to have been shooting in the air over his head), but Brooks was shot only the one time.

■ Having reviewed the record as a whole, we first consider and overrule appellant's fifth ground of error asserting that the evidence "wholly failed to show any intent on the part of" appellant to kill Brooks. The contention now advanced was examined and found to be without merit in *Garcia v. State,* 541 S.W.2d 428 (1976), 1 T.C.R. 642. See also, *Colman v. State,* 542 S.W.2d 144 (1976), 1 T.C.R. 890, 891.

■ Although appellant duly and timely objected because of the failure to charge on self-defense and tendered a specially requested charge thereon, the trial court refused the request. Again, we have examined the record and find no evidence which would have justified the inclusion of a charge on self-defense; thus, we overrule his first ground of error.

Having examined the record, and finding that the account in State's brief of the evidence relating to self-defense is correct, it is copied without benefit of quotation marks: Defense witness Emmett Davis testified that there was no direct physical contact between appellant and Brooks; that there was no fighting or shoving. Davis did testify, however, that Brooks did reach into his back pocket but when he pulled his hand out there was nothing in it. Davis also said that Brooks never made any threats either orally or by gestures toward appellant.

Appellant testified that he had no quarrel or fight with Brooks but did admit that he fired his pistol three times, once inside the cafe and twice outside as Brooks was running. No witness, including appellant, contends that Brooks was armed with any weapon or that he ever threatened appellant in any way.

Appellant's objections to the charge, his requested charge, and his argument on appeal (with supporting authorities), all invoke the law of self-defense as it existed under the 1925 Penal Code. There is no reference to the 1974 Penal Code provisions nor any decisions from this court under the new code. As pointed out in *Sternlight v. State,* 540 S.W.2d 704, 705 (Tex.Cr.App. 1976):

"One of the most drastic changes made in the new penal code is that before deadly force may be used in self-defense the actor (defendant) is required to retreat if a reasonable person in the actor's (defendant's) situation would have retreated. V.T.C.A.Penal Code, Sec. 9.32(2). A brief consideration of the history of the doctrine of retreat is in order."

See also, *Young v. State,* 530 S.W.2d 120 (Tex.Cr.App.1975), and *Ford v. State,* 538 S.W.2d 633 (Tex.Cr.App.1976), both of which refer, generally, to other changes in the law of self-defense brought about by the adoption of the 1974 Penal Code.

■ Although the new Penal Code has made a drastic change in the substantive law relating to self-defense, the right to a charge on self-defense remains unchanged: such a charge is required only when there is evidence in the record raising the issue. The testimony noted earlier did not require the giving of the requested charge. See and compare *Dominquez v. State,* 532 S.W.2d 95, 97 (Tex.Cr.App.1976).

See also, *McCartney v. State,* 542 S.W.2d 156 (1976), 1 T.C.R. 940, contrasting instructions on manslaughter under the 1974 Penal Code with those on murder without malice under the 1925 Code.

■ In his second ground of error, appellant contends that the trial court erred in submitting a charge on aggravated assault as a lesser included offense "because such a charge is a comment on the weight of the evidence." Again, we disagree and overrule such ground of error.

Appellant's argument follows this syllogism: (1) The two offenses covered in the charge (aggravated assault and voluntary

manslaughter) have the same punishment;[1] (2) having the same punishment fixed by the statute, each is equal to the other so that aggravated assault cannot be a lesser included offense; ergo, (3) the State is given two bites at the apple and the charge constitutes a comment upon the weight of the evidence.

The flawed syllogism discloses the fallacy of the argument,[2] but we will meet the contention directly. In *Day v. State,* 532 S.W.2d 302, 315–316 (Tex.Cr.App.1976, upon rehearing), the Court considered the question carefully, saying:

"[W]hether one offense bears such a relationship to the offense charged is an issue which must await a case by case determination, both because the statute defines lesser included offenses in terms of the offense charged and because it defines lesser included offenses in terms of the facts of the case."

The elements of murder, as defined in V.T.C.A., Penal Code, Sec. 19.02 (1974), are these: (1) a person (2) who intentionally or knowingly causes the death of an individual; or (3) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.

The elements of a criminal attempt to commit murder as set out in V.T.C.A., Penal Code, Sec. 15.01 (1974), are these: (1) a person who (2) with specific intent to commit murder (3) does an act amounting to more than mere preparation that (4) tends but fails to effect the commission of the offense intended.

An aggravated assault, as defined in V.T.C.A., Penal Code, Sec. 22.02 (1974), as applicable to this cause, reads:

"(a) A person commits an offense if he commits assault as defined in Section 22.01 of this code and he:[3]

"(1) causes serious bodily injury to another;

\*     \*     \*     \*     \*     \*

or

"(3) uses a deadly weapon.

\*     \*     \*     \*     \*     \*

"(c) An offense under this section is a felony of the third degree."

The elements of the offense under Sec. 22.02 are: (1) a person (2) intentionally, knowingly, or recklessly (3) causes serious bodily injury to another (4) by using a deadly weapon.[4]

We conclude that aggravated assault is a lesser included offense of attempted murder under the plain provisions of Vernon's Ann.C.C.P., art. 37.09 (Supp. 1976–1977), since we have the following common elements present: (1) a person who (2) with specific intent to commit murder (3) does an act amounting to more than mere preparation (4) which tends but fails to cause serious bodily injury (5) by committing an act clearly dangerous to human life (6) through the use of a deadly weapon.[5]

This holding is compatible with the holdings of this Court under the 1925 and earlier codes. See P. McClung, "Jury Charges for Texas Criminal Practice" (1976 Ed.), p. 234, citing *Lacoume v. State,* 65 Tex.Cr.R.

1. The argument is expressed in these words, inter alia: "The Defendant would show that the Court charged the jury on aggravated assault and for voluntary manslaughter. Each of these offenses has the same punishment, so therefore aggravated assault is not a lesser included offense to voluntary manslaughter."

2. Appellant's counsel is mistaken as to the punishment for the two crimes. Voluntary manslaughter is a felony of the second degree, V.T.C.A., Penal Code, Sec. 19.04(d); whereas, aggravated assault is a felony of the third degree. Id., Sec. 22.02(c).

3. Under Sec. 22.01, a person commits the offense of an assault if he "(1) intentionally, knowingly, or recklessly causes bodily injury to another; . . . "

4. Sec. 22.02(a) is in the disjunctive: the offense is complete if the assault causes *serious* bodily injury *or* is effected by the use of a deadly weapon.

5. In other cases, this Court has followed a similar rationale. See, e. g., *Day v. State,* 532 S.W.2d 302, 315 (Tex.Cr.App., 1976, on rehearing); *Raven v. State,* 533 S.W.2d 773, 775 (Tex. Cr.App.1976), and *Hazel v. State,* 534 S.W.2d 698, 701 (Tex.Cr.App.1976).

146, 143 S.W. 626 (1912). See also, *McDonald v. State,* 462 S.W.2d 40, 41, fn. 1 (Tex.Cr.App.1970); 29 Tex.Jur.2d, Homicide, § 121, pp. 137, 139 (1961), and cases therein cited. The second ground of error is overruled.

In his third and fourth grounds of error, appellant complains of questions propounded to his witnesses by State's counsel upon cross-examination. We have examined each of the instances mentioned and find that the complaints are wholly without merit. Each ground of error is overruled.

The judgment of the trial court is affirmed.

Approved by the Court.