**Harvey DENSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62128.**

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 2, 1983.

---

Kenneth A. Back, Amarillo, court appointed on appeal, for appellant.

Tom Curtis, Dist. Atty., John Byron Reese, Steve Schiwetz, Asst. Dist. Attys., Amarillo, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and McCORMICK, J.

OPINION

McCORMICK, Judge.

Appellant was convicted of aggravated assault. Punishment was assessed at ten years and a fine of $5,000.00. The sufficiency of the evidence is not challenged.

In a single ground of error appellant complains that the court's charge authorized conviction on a theory not alleged in the indictment. The indictment, in pertinent part, alleged that appellant

" . . . did then and there knowingly and intentionally attempt to cause the death of Virgil Burns by shooting him with a gun, having at the time the specific intent to commit the offense of murder, Against the Peace and Dignity of the State.

"COUNT TWO: AND THE GRAND JURORS AFORESAID, upon their oaths as aforesaid, in and to said Court, at said term thereof, do further present that HARVEY DENSON, hereinafter called defendant, on or about the 7th day of October, D.A., 1978, and anterior to the

presentment of this indictment, in the County of Potter and State of Texas, did then and there knowingly and intentionally cause bodily injury to Virgil Burns by use of a deadly weapon, to-wit: a shotgun . . . . "

The indictment in Count One alleges an attempted murder and in Count Two an aggravated assault. Count Two was never *formally* waived. The State contends that Count Two was never submitted to the jury. The court's abstract charge initially limited the jury's consideration to the offense of attempted murder and states:

"The defendant, HARVEY DENSON, stands charged by indictment with the offense of attempted murder, alleged to have been committed in Potter County, Texas, on or about the 7th day of October, 1978.

"To this charge the defendant has pleaded not guilty.

"You are instructed that the law applicable to this case is as follows:

"1.

"A person commits the offense of criminal attempt if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. A person commits the offense of murder of [sic] he intentionally or knowingly causes the death of an individual."

In applying the law to the facts that charge was again limited solely to attempted murder:

"3.

"Now, bearing in mind the foregoing instructions, if you find and believe from the evidence beyond a reasonable doubt that on or about the 7th day of October, 1978, in Potter County, Texas, the defendant, HARVEY DENSON, did then and there knowingly or intentionally attempt to cause the death of Virgil Burns by shooting him with a gun, having at the time the specific intent to commit the offense of murder, as set forth in the

indictment, then you will find the defendant guilty of attempted murder.

"Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of attempted murder and consider whether he is guilty of the *lesser included offense* of aggravated assault, as that assault is hereinafter defined in Paragraph 5 hereof." (Emphasis supplied)

The charge also gave definitions and an abstract charge on aggravated assault but, in submitting the issue to the jury in the application paragraph for the offense of aggravated assault, states:

"6.

"Now, if you find and believe from the evidence beyond a reasonable doubt that on or about the 7th day of October, 1978, in Potter County, Texas, the defendant, HARVEY DENSON, did attempt to cause the death of Virgil Burns by shooting him with a gun, but you have a reasonable doubt as to whether defendant at that time had the specific intent to cause the death of Virgil Burns, or if you have a reasonable doubt as to whether defendant intentionally or knowingly attempted to cause the death of Virgil Burns by shooting him with a gun, and if you further find from the evidence beyond a reasonable doubt that the defendant, HARVEY DENSON, did intentionally, knowingly or recklessly cause bodily injury to Virgil Burns by shooting him with a gun, and that either one of the two following conditions existed, was present, or occurred, beyond a reasonable doubt:

"(a) said gun was a deadly weapon, as that term has been defined,

"or

"(2) said defendant, in shooting the said Virgil Burns with said gun, did in fact actually cause Virgil Burns serious bodily injury, though he may not have so intended,

"then you will find the defendant guilty of aggravated assault.

"Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of aggravated assault, and you will then proceed to consider whether the defendant is guilty of the lesser included offense of assault, as defined in Paragraph 5."

The charge then went on to instruct on the lesser included offense of assault.

As written, the charge limited the jury to considering only Count One of the indictment. Only in the event that there was a reasonable doubt as to any element of proof for the offense of attempted murder could the jury consider whether the appellant was guilty of aggravated assault as a lesser included offense of attempted murder. See *Teal v. State,* 543 S.W.2d 371 (Tex.Cr.App. 1976). Count Two was not submitted to the jury. The charge of the court does not authorize conviction for a theory not alleged in the indictment. There is no fundamental error. Appellant's ground of error is overruled.

The judgment is affirmed.