David ETHRIDGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 593–82.

Court of Criminal Appeals of Texas,
En Banc.

April 13, 1983.

Gerald Goynes, Denver, Colo., William C. Denton, Houston, for appellant.

Charles D. Houston, Bellville, Robert Huttash, State's Atty., and Alfred Walker, Asst. States Atty., State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted of aggravated assault by the jury in Fayette County following change of venue from Waller County. Punishment was assessed by the court at eight (8) years' imprisonment. The indictment charged attempted murder in the first count. See V.T.C.A., Penal Code, §§ 19.02 and 15.02. Aggravated assault as defined by V.T.C.A., Penal Code, § 22.01, was charged in the second count. Both counts alleged the culpable mental states of "intentionally" and "knowingly."

Prior to trial the State elected to proceed on the first count of the indictment only. At the conclusion of the guilt stage of the trial, the court submitted the case to the jury on attempted murder with several lesser included offenses including aggravated assault.

Following conviction on the lesser included offense, the Austin Court of Appeals affirmed the conviction, 634 S.W.2d 382. We granted the appellant's Petition for Discretionary Review on the question of whether the court's charge as to aggravated assault was fundamentally defective.

Appellant concedes the evidence raised the issue of aggravated assault, which may be a lesser included offense of attempted murder. See Teal v. State, 543 S.W.2d 371 (Tex.Cr.App.1976); Williams v. State, 622 S.W.2d 578 (Tex.Cr.App.1981). See also Burks v. State, 510 S.W.2d 321 (Tex.Cr.App. 1974); Hart v. State, 581 S.W.2d 675 (Tex. Cr.App.1979). He argues the jury charge was fundamentally erroneous because it authorized conviction for aggravated assault upon a finding of the culpable mental state of "reckless" when such was not alleged in

the first count of the indictment charging attempted murder.[1]

V.T.C.A., Penal Code, § 22.01(a)(1) (Assault), provides:

"(a) A person commits an offense if he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or . . . ."

V.T.C.A., Penal Code, § 22.02 (Aggravated Assault), provides:

"(a) A person commits an offense if he commits assault as defined in Section 22.-01 of this code and he:

"(1) * * *

"(3) uses a deadly weapon."

In submitting aggravated assault as a lesser included offense, the court utilized § 22.01(a)(1) and § 22.02(a)(3) and three culpable mental states. The charge provided in part:

"Now, if you find from the evidence beyond a reasonable doubt that on the occasion in question the Defendant, DAVID ETHRIDGE, did *intentionally* or *knowingly* or *recklessly* Cause bodily injury to BRYON JOHNSON by shooting him with a deadly weapon, to wit, a gun . . . ." (Emphasis supplied.)

There was no objection to the charge or any special requested instruction. See Articles 36.14 and 36.15, V.A.C.C.P. Thus appellant relies upon fundamental error. He contends the court authorized a conviction upon a theory not charged in the indictment by submitting the culpable mental state of "recklessly" in connection with the lesser included offense of aggravated assault when the indictment only alleged the culpable mental states of "intentionally" and "knowingly" with regard to the greater offense of attempted murder.

Recently in *Rocha v. State,* 648 S.W. 2d 298 (Tex.Cr.App.1983) (Opinion on State's Motion for Rehearing), this court had occasion to consider an almost identical contention as now presented. Rocha was

indicted for attempted murder, but was convicted by the jury of the lesser included offense of aggravated assault. The attempted murder indictment alleged the culpable mental states of "knowingly and intentionally." The court in its charge authorized Rocha's conviction for the lesser included offense of aggravated assault upon a finding of a culpable mental state of "intentionally or knowingly or recklessly."

Upon original submission a panel of this court considered unassigned error and held that the trial court's action constituted fundamental error because the charge authorized conviction for aggravated assault upon the finding of a culpable mental state, "recklessly," which was not alleged in the attempted murder indictment.

The panel opinion made clear that aggravated assault was a lesser included offense of attempted murder and that Rocha was entitled to a charge thereon since the evidence raised the same, and that if only the culpable mental states of intentionally and knowingly had been used in the charge on aggravated assault no error would have been presented. It was the inclusion of the additional culpable mental state of recklessness that triggered the reversal on unassigned error.

Appellant relies upon this panel opinion. However, the en banc court on State's motion for rehearing held that authorizing a conviction for the lesser included offense upon a finding of the lesser culpable mental state of "reckless" was not error.

In *Rocha,* on rehearing, after noting that aggravated assault may be a lesser included offense of attempted murder, *Teal v. State,* 543 S.W.2d 371 (Tex.Cr.App.1976); *Williams v. State,* 622 S.W.2d 578 (Tex.Cr.App. 1981), this court wrote:

"The fact that the lesser included offense of aggravated assault may be committed by the 'additional' culpable mental

---

1. Appellant also argues that the second count of the indictment charging aggravated assault alleged only the culpable mental states of "intentionally" and "knowingly" and not "recklessly" and the court fatally erred in submitting

"recklessly" in the charge. Appellant overlooks the second count was abandoned by the State as such. The charge submitted aggravated assault as a lesser included offense of the offense charged in the first count.

state of 'reckless' does not preclude a charge thereon even though said culpable mental state is not alleged in the indictment. By definition, V.T.C.A., Penal Code, § 6.02(d) and (e), 'reckless' is a lesser culpable mental state than 'intentional' and 'knowing.'

"For the purposes of the submission to the jury of the lesser included offense of aggravated assault, we hold the culpable mental state of 'reckless' is included under the canopy of the higher culpable mental states of 'intentional' and 'knowing' alleged in the indictment for the greater offense of attempted murder. Thus it was not error, much less fundamental error to submit a charge authorizing conviction of the lesser included offense of aggravated assault upon a finding of the lower culpable mental state of 'reckless.' " *Rocha v. State,* supra.

We conclude that our opinion on rehearing in *Rocha v. State,* supra, is controlling, and it was not error for the trial court to have charged as it did with regard to the culpable mental state of "recklessly" in connection with the lesser included offense of aggravated assault of which the appellant was eventually convicted.

The judgment of the Court of Appeals and the trial court are hereby affirmed.