**Bruce Howard POSEY, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–91–00597–CR.**

Court of Appeals of Texas,
Dallas.

July 30, 1992.

Discretionary Review Refused
Nov. 4, 1992.

John G. Tatum, Dallas, for appellant.

Sharon Batjer, Dallas, for appellee.

Before LAGARDE, KINKEADE and KAPLAN, JJ.

## OPINION

LAGARDE, Justice.

A jury convicted Bruce Posey of murder and assessed punishment at fifty years' confinement and a $10,000 fine. Posey asserts six points of error on appeal. We affirm.

## FACTUAL BACKGROUND

Posey and the deceased, Cynthia Yvonne Prichard Posey (Becky), were married. After an argument, Becky went to stay with her friend Patti Berryman. On the day of the shooting, Posey went to talk to Patti. He found Becky and Patti sitting by the swimming pool. Posey asked whether Becky was sleeping with someone else. She retorted that she slept with a different person every night. Posey said that he did not want a divorce. Becky said that there was nothing to talk about, asked him to leave her and her friends alone, and jumped into the pool. As she swam end to end, Posey paced along the pool's edge. Becky splashed him and submerged herself underwater when he spoke. Eventually, Posey left on his motorcycle. He rode around the block and then decided that he had to know whether he should file for divorce. Posey remembered that he had a gun in the motorcycle and thought that it would make Becky talk to him.

As soon as Becky saw Posey return, she dove back into the pool. Posey pulled out the gun and fired at Becky. She tried to get away but succeeded in only crawling out of the pool. Witnesses testified that Posey stood over Becky and shot her in the head. A neighbor held Posey at gunpoint until the police arrived. The autopsy report reflected four bullet wounds.

## LEGAL ANALYSIS

### *Arraignment*

██ Posey argues that the trial court erred in arraigning him in the presence of the jury. Posey confuses the arraignment process with the first step in a criminal trial. After the impanelment of the jury, the charging instrument is read to the jury by the prosecuting attorney. TEX.CODE CRIM.PROC.ANN. art. 36.01(a)(1) (Vernon Supp.1992); *Hinojosa v. State*, 788 S.W.2d 594, 599 (Tex.App.—Corpus Christi 1990, pet. ref'd). This requirement is mandatory, and the failure to comply with it may constitute reversible error. *Hinojosa*, 788 S.W.2d at 599. After the charging instru-

ment is read to the jury, if the plea is not guilty, it must be entered on the accused's behalf. Tex.Code Crim.Proc.Ann. art. 36.-01(a)(2) (Vernon Supp.1992).

An arraignment, on the other hand, is a procedure to determine the identity and the plea of the person charged. Tex.Code Crim.Proc.Ann. art. 26.02 (Vernon 1989). Here, the trial court correctly arraigned Posey following the pretrial motions outside the presence of the jury panel but before voir dire began. After the jury was empaneled and the trial began, the prosecutor read the indictment to the jury. There was no error; consequently, we overrule point one.

### Allegation of Rape

In points two and five, Posey contends that the trial court erroneously allowed cross-examination about an alleged rape:

[PROSECUTOR]: Mr. Posey, isn't it true that the reason Yogi wanted to kill you like he said was because he found out that you had tried to rape his sister [the deceased] that night he took her over there?

[DEFENSE COUNSEL]: Your Honor, I'm going to object to the question. There has been no basis laid, there has been no evidence of any rape. In addition, she is asking for this witness to comment on what Yogi thought. That's improper, also.

THE COURT: That will be overruled. This is cross-examination. Go ahead. Do you need that question read back to you, sir?

[POSEY]: Yes, please.

THE COURT: Read the question back to him.

(The last question was read back.)

[POSEY]: I did not try to rape my wife.

[PROSECUTOR]: So that's not how you got the black eye.[1]

[POSEY]: No, it's not.

At this point the court recessed. Later, questioning resumed:

[PROSECUTOR]: Are you going to cry for these twelve people now?

[POSEY]: I'm trying not to.

[PROSECUTOR]: You're trying to.

[POSEY]: No, I'm not. I'm trying not to.

[PROSECUTOR]: Like the way you tried to rape your wife the week before—

[POSEY]: I did not.

[PROSECUTOR]: —when she gave you the black eye that you so justly deserved.

[DEFENSE COUNSEL]: Your Honor, I'm going to object. There is no evidence before this jury about any rape.

THE COURT: This is cross-examination, Mr. Pappas. He can answer the question. Your objection is overruled.

At the outset, we note that prior to either of the above excerpts, reference to the rape came into evidence without objection. An error in admission of evidence is cured when the same evidence comes in elsewhere without objection. *Butler v. State,* 769 S.W.2d 234, 241 (Tex.Crim.App.1989), *overruled on other grounds, Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991); *Villareal v. State,* 811 S.W.2d 212, 217 (Tex.App.—Houston [14th Dist.] 1991, no pet.). Defense counsel must object every time allegedly inadmissible evidence is offered. *Butler,* 769 S.W.2d at 241.

Assuming, *arguendo,* that Posey had preserved error, the evidence concerning the rape was admissible. The Texas Rules of Criminal Evidence provide a two-step test to determine admissibility of an extraneous offense. *See* Tex.R.Crim.Evid. 403, 404(b). First, evidence of other crimes, wrongs, or acts may be admissible if it has relevance apart from its tendency to prove the character of a person in order to show that he acted in conformity therewith. Tex.R.Crim.Evid. 404(b); *Montgomery v. State,* 810 S.W.2d 372, 387 (Tex.Crim.App. 1990) (op. on reh'g). Second, such evidence is admissible subject to the trial court's discretion to exclude it if the danger of unfair prejudice substantially outweighs its

---

1. Defense exhibits numbers 5, 6, 7, 8, and 11 were photographs of Posey with a black eye. Posey testified on direct and cross-examination that the deceased gave him the black eye several days before the murder.

**38**

probative value. Tex.R.Crim.Evid. 403; *Montgomery*, 810 S.W.2d at 387. As long as the trial court operates within the boundaries of its discretion, an appellate court should not disturb its decision. *Montgomery*, 810 S.W.2d at 390.

In applying this two-step test to the excerpts above, we conclude that the testimony concerning Posey's alleged rape of his wife was admissible. First, extraneous offenses are admissible in rebuttal to a defensive theory. *Montgomery*, 810 S.W.2d at 388; *Vasquez v. State*, 814 S.W.2d 773, 777 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Posey's defensive theory argued throughout the trial was voluntary manslaughter. The evidence of the alleged rape and resulting black eye were necessary to refute Posey's argument that he acted under sudden passion when he killed Becky. *See Sattiewhite v. State*, 786 S.W.2d 271, 284 (Tex.Crim.App.1989), *cert. denied*, — U.S. —, 111 S.Ct. 226, 112 L.Ed.2d 181 (1990). Additionally, the evidence was properly admitted to show relevant facts and circumstances surrounding the killing, the relationship existing between Posey and his deceased wife, and to show the condition of Posey's mind at the time of the offense. Tex.Penal Code Ann. § 19.06 (Vernon Supp.1992); *Sattiewhite*, 786 S.W.2d at 284; *see Fielder v. State*, 756 S.W.2d 309, 318 (Tex.Crim.App.1988) (evidence of violent past between appellant-wife and murdered husband relevant to appellant's self-defense theory and apprehension of danger at the time of the killing.)

Second, the trial court did not abuse its discretion by concluding that the danger of unfair prejudice did not substantially outweigh the probative value of this evidence. Tex.R.Crim.Evid. 403. Where relevant criteria, viewed as objectively as possible, lead to the conclusion that the danger of unfair prejudice does not substantially outweigh the probative value of the proffered evidence, the appellate court should declare that the trial court did not err in failing to exclude it. *Montgomery*, 810 S.W.2d at 392. Relevant criteria gleaned from the authorities include, *inter alia*, that the ulti-

mate issue was not seriously contested by the opponent; that the State had other convincing evidence to establish the ultimate issue to which the extraneous misconduct was relevant; that the probative value of the misconduct evidence was not, either alone or in combination with other evidence, particularly compelling; that the misconduct was of such a nature that an instruction to disregard it for any but its proffered purpose would not likely have been efficacious. *Id.* at 392–93. Here, the ultimate issue was whether Posey acted under sudden passion. If the issue of sudden passion is raised, then the State must disprove beyond a reasonable doubt the existence of sudden passion. *Powers v. State*, 757 S.W.2d 88, 90 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Sudden passion is generally said to be manifested by an excited and agitated mind at the time of the killing caused by an act of the deceased. *Powers*, 757 S.W.2d at 90 (citing *Hobson v. State*, 644 S.W.2d 473, 478 (Tex. Crim.App.1983)). The unfair prejudice did not substantially outweigh the probative value of the alleged rape because the State was required to disprove sudden passion. Consequently, we conclude that the trial court did not err in allowing the prosecutor to cross-examine Posey on the rape. We overrule points two and five.

### Dr. Grigson's Testimony

Dr. James P. Grigson, a psychiatrist, testified to Posey's emotional state at the time of the shooting. During cross-examination, the prosecutor asked:

[PROSECUTOR]: Have you ever been fooled, Doctor?

[DOCTOR]: Oh, absolutely, I sure have.

[PROSECUTOR]: In fact, you testified very recently in a death penalty case that I took part in. Ricky Morrow?

[DOCTOR]: Right.

[PROSECUTOR]: Where they testified or—

[DEFENSE COUNSEL]: Excuse me, Your Honor. I'm going to object to him asking his question about facts that are not in evidence.

THE COURT: Overrule that objection.

[DEFENSE COUNSEL]: And I also object to him bringing up matters that are irrelevant to this jury regarding Ricky Lee Morrow.

THE COURT: Let me hear the rest of the question and that may or may not be a good objection.

[PROSECUTOR]: You do remember testifying in Ricky Morrow [sic] back this past December?

[DOCTOR]: I remember when he was retried. It was a capital murder case that I testified.

[PROSECUTOR]: And you testified for the State of Texas. You testified—we called you, I guess would be the correct way to phrase it.

[DOCTOR]: Right, yes, sir.

[PROSECUTOR]: Do you remember the basis of your testimony in that case?

[DOCTOR]: Off the top of my head, I don't. I would assume it had to do with whether or not he presented a continuing threat to society.

[PROSECUTOR]: No, Doctor. You didn't examine this man. What it was—

[DEFENSE COUNSEL]: Excuse me, Your Honor. I'm going to object to this prosecutor testifying about something else that happened. If he wants to ask the doctor a question, I withdraw the objection. But in this form, his statement is improper.

THE COURT: I'm going to overrule that objection. Finish your question.

[PROSECUTOR]: If I could refresh your memory, Doctor, correct me if I'm wrong, Mr. Morrow had been diagnosed by the defense psychiatrist as brain-damaged schizophrenic, and you came in at our request and testified to the jury that it's very easy for a person to confuse and manipulate psychiatrists and can make them give a wrong diagnosis.

[DOCTOR]: Oh, that's true. I don't recall giving that testimony, but I have said it before. And that is absolutely true, sure.

[PROSECUTOR]: You are not foolproof, are you?

[DOCTOR]: Absolutely not, no. I wished [sic] I was.

The prosecutor continued by asking the doctor how much money Posey paid him for his testimony.

■ Posey argues that the trial court erred in overruling his objection to the cross-examination of Dr. Grigson concerning his testimony in an unrelated case. We understand his specific argument to be that the testimony was irrelevant. However, our review of the record shows that the trial court did not rule on that specific objection. When Posey objected to the testimony as irrelevant the trial court asked to hear the rest of the question. After the questioning resumed, Posey neither reurged his objection nor asked for a ruling. In order to preserve error for appellate review, a party must have (1) presented to the trial court a timely objection stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context and (2) obtained a ruling on the objection. TEX.R.APP.P. 52(a). Because Posey did not receive a ruling, he did not preserve error. We overrule point three.

*Cross-examination of Posey*

■ Posey contends that the trial court erred in overruling an objection to the following:

[PROSECUTOR]: So you walked over there to help her. You want to cry for me, Mr. Posey? Make those tears come out like they did for Mr. Pappas. Can't you make them come out? These people are watching.

[DEFENSE COUNSEL]: Your Honor, I'm going to object to this display. He is not asking questions. He is deliberately taunting the witness.

THE COURT: Well, do you have a legal objection?

[DEFENSE COUNSEL]: Yes, Your Honor. I'm going to object that what he is doing is improper and ask that—it's an improper question and ask that if he is going to do this, he at least have the decency to put [it] in a question form. Otherwise, it's improper interrogation of this witness.

THE COURT: Those objections must be overruled. Ask your next question.

[PROSECUTOR]: Are you going to cry for these twelve people now?

[POSEY]: I'm trying not to.

On appeal, Posey argues that the prosecutor made a personal attack over the shoulder of defense counsel. The complaint on appeal does not comport with the objection made at trial. Under these circumstances nothing is preserved for review. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App. 1990); *Miranda v. State*, 813 S.W.2d 724, 737 (Tex.App.—San Antonio 1991, pet. ref'd). Further, Posey's objection was too general to preserve error. *Lewis v. State*, 664 S.W.2d 345, 349 (Tex.Crim.App.1984) (counsel's objection that prosecutor's mention of an extraneous offense was "clearly improper" too general to preserve error). Moreover, the trial court's request for a "legal objection" indicates that the grounds for the objection were not apparent from the context. *See* Tex.R.App.P. 52(a). We overrule point four.

### *Objection to the Charge*

■■■■ In his sixth point of error, Posey contends that the trial court erred in submitting a charge that described voluntary manslaughter as a "lesser included offense" because such a charge is a comment on the weight of the evidence. The trial court instructed on murder, then on voluntary manslaughter. Posey complains of the following paragraph separating the two instructions:

> Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of murder and *go on to consider, under instructions following, whether the defendant is guilty of the lesser included offense of voluntary manslaughter.*

(Emphasis added.)

In its charge to the jury, the trial court may not express an opinion on the weight of the evidence, sum up the testimony, discuss the facts, or use any argument calculated to arouse the sympathy of the jury. Tex.Code Crim.Proc.Ann. art. 36.14

(Vernon Supp.1992); *Garza v. State*, 829 S.W.2d 291, 294 (Tex.App.—Dallas 1992, pet. filed). We do not conclude that the trial court's inclusion of the words "lesser included offense" constituted a comment on the weight of the evidence.

In *Teal v. State*, the appellant, convicted of attempted murder, contended that the trial court erred in submitting a charge on aggravated assault as a lesser included offense because such a charge was a comment on the weight of the evidence. *Teal v. State*, 543 S.W.2d 371, 372 (Tex.Crim. App.1976), *overruled on other grounds*, *Flanagan v. State*, 675 S.W.2d 734, 742 (Tex.Crim.App.1982) (op. on reh'g). The Court of Criminal Appeals analyzed the elements of both offenses and concluded that aggravated assault is a lesser included offense of attempted murder. The court then held that the submission of a charge on aggravated assault was not improper on the theory that such charge was a comment on the evidence. *Teal*, 543 S.W.2d at 373; *Pennington v. State*, 644 S.W.2d 64, 66 (Tex.App.—Austin 1982), *aff'd*, 697 S.W.2d 387 (Tex.Crim.App.1985). Similarly, in this case, voluntary manslaughter may be a lesser included offense of murder. *Merchant v. State*, 810 S.W.2d 305, 309 (Tex.App.—Dallas 1991, pet. ref'd); Tex.Code Crim.Proc.Ann. art. 37.09 (Vernon 1981). Therefore, the charge was not improper.

Other courts have addressed arguments analogous to Posey's. *See, e.g., Smith v. State*, 761 S.W.2d 546, 549 (Tex.App.—Corpus Christi 1988, no pet.) (trial court did not comment on the weight of the evidence by including the degree of the offense in the charge because degree of the offense was part of the general definition and description of that offense); *Miller v. State*, 753 S.W.2d 473, 476 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd) (use of the word "murder" in the jury charge was not a harmful comment on the weight of the evidence because court included limiting language "if any"); *Talkington v. State*, 682 S.W.2d 674, 675 (Tex.App.—Eastland 1984, pet. ref'd) (use of word "victim" in rape charge was improper comment on

weight of the evidence because sole issue in the case was whether the complainant consented to sexual intercourse).

 Even if the trial court erred, however, the error was harmless. Posey timely objected to the jury charge. *See* Tex.Code Crim.Proc.Ann. art. 36.14 (Vernon Supp.1992). Thus, we must reverse the trial court's judgment if the error in the charge was calculated to injure the rights of the appellant. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985). We examine the entire record to determine whether Posey suffered some harm as a result of this error. *Arline v. State,* 721 S.W.2d 348, 352 (Tex.Crim.App.1986). The actual degree of harm must be assessed in light of (1) the entire jury charge; (2) the state of the evidence, including the contested issues and weight of probative evidence; (3) the argument of counsel; and (4) any other information revealed by the record as a whole. *Almanza,* 686 S.W.2d at 171.

In examining the entire charge, we note that the trial court used the words "lesser included offense" only in the one paragraph quoted above. Moreover, the trial court explicitly instructed the jurors that only if they had a reasonable doubt that Posey murdered Becky should they consider the lesser included offense. Jurors are presumed to follow the court's instructions. *Will v. State,* 794 S.W.2d 948, 951 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd). There is no evidence in the record to rebut that presumption. Accordingly, because the jury found Posey guilty of murder, it did not reach the question of voluntary manslaughter.

The issue of voluntary manslaughter was asserted and controverted from voir dire through closing arguments of the trial. In fact, during voir dire, without objection, the prosecutor twice referred to voluntary manslaughter as a "lesser included offense." Based on the record as a whole, we determine that Posey was not harmed by the trial court's inclusion of the words

"lesser included offense," even if it were determined to be error. We overrule point six. We affirm the trial court's judgment.

KAPLAN, J., concurring.

KAPLAN, Justice, concurring.

I would hold that the court's charge which labeled voluntary manslaughter as a "lesser included offense" of murder was erroneous. I concur in the result reached by the majority only because this error was harmless under the circumstances presented in this case.

Appellant contends that the trial court erred in instructing the jury that voluntary manslaughter was a "lesser included offense" of murder. Appellant argues that the language "lesser included offense" comments on the weight of the evidence and invites the jury to speculate on the range of punishment during the guilt/innocence phase of the trial. I agree.

It is proper for a trial court to charge the jury on the general law applicable to the offense charged and make a direct and pertinent application of the law to the facts in the case. *Rogers v. State,* 687 S.W.2d 337, 344 (Tex.Crim.App.1985). In my view, however, it is improper for the court to characterize or label an offense as a "lesser included offense." This instruction is tantamount to informing the jury that one offense is less serious than another and has a lesser range of punishment. *See, e.g., McClure v. State,* 544 S.W.2d 390, 393 (Tex.Crim.App.1976). Thus, the jury is encouraged to reach a decision based on the consequences attached to a particular offense rather than the elements of the offense.[1]

The majority's reliance on *Teal* is misplaced. The issue in *Teal* was whether aggravated assault is a lesser included offense of voluntary manslaughter. *Teal v. State,* 543 S.W.2d 371, 372–73 (Tex.Crim. App.1976), *overruled on other grounds, Flanagan v. State,* 675 S.W.2d 734, 742 (Tex.Crim.App.1982) (op. on reh'g). The

---

1. It is significant that the pattern jury charge does not include the language "lesser included offense" when both murder and voluntary manslaughter are raised by the evidence. P.

McClung, Jury Charges for Texas Criminal Practice, p. 52 (rev. ed. 1992). I would strongly encourage the trial courts to follow the recommended language of this pattern jury charge.

Court of Criminal Appeals never addressed the specific language used in the jury charge. In the instant case, the issue is not whether voluntary manslaughter is a lesser included offense of murder—it is. The issue is whether the trial court erred by labeling voluntary manslaughter as a "lesser included offense" in the jury charge. I fail to see how the holding in *Teal* is dispositive of this issue.

I would hold that the trial court erred in instructing the jury that voluntary manslaughter is a "lesser included offense" of murder. However, I agree with the majority that this error was harmless in light of the entire jury charge, the state of the evidence, the argument of counsel, and the record as a whole. *Posey v. State,* No. 05–91–00597–CR, slip op. at 13–14 (Tex.App.—Dallas, July 30, 1992); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985).