TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00319-CR







Morris Ochiltree, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0984173, HONORABLE BOB PERKINS, JUDGE PRESIDING







 Appellant Morris Ochiltree appeals from a conviction of aggravated assault with
a deadly weapon. See Tex. Penal Code Ann. § 22.02(a)(2) (West 1994). The jury assessed
appellant's punishment, enhanced by a prior felony conviction, at imprisonment for twenty years. 
On appeal, appellant asserts that the trial court erred in admitting inadmissible evidence. We will
affirm. 

 On May 7, 1998, while they were driving through Givens Park in Austin, appellant
and his two friends encountered three rival gang members. After a verbal exchange concerning
the kind of music appellant's group was playing, the two groups went their separate ways. The
three victims testified that a few minutes after they left the park, appellant's group pursued them
through Austin streets and that appellant fired several shots at their car. One projectile was found
lodged in the rear license plate of the victims' car, and the driver's side of the car was damaged. 
This damage was consistent with a ricocheting projectile having struck the car. In his brief,
appellant summarizes his defense, "[t]he defensive theory was that on the day of the offense,
appellant did not have a weapon in his car nor did he fire at anyone."

 In his sole point of error, appellant asserts that the "trial court erred in admitting
into evidence an extraneous offense which occurred two days after the instant offense." During
the guilt or innocence phase of the trial after appellant's objection, the trial court admitted the
following testimony:


DIRECT EXAMINATION (CONT'D)



Q: [Prosecutor]: Officer, just to bring us back up to where we were. We were
talking about May 9th, 1998, 2:20 in the morning, you come up on this scene
at 1001 Wheelis Road involving Morris Ochiltree, Charles Ochiltree, and a
third unidentified subject, correct?


A: Yes, sir.


Q: And what was the third person doing?


A: The third person was backing up facing the two suspects as they crossed the
street and was saying, basically, that he was going to fight Morris and Charles
Ochiltree.


Q: And what was the defendant, Morris Ochiltree's response to the threat to fight
him from the third person?


[Defense Counsel]: Objection. Calls for hearsay.


THE COURT: Overruled.


THE WITNESS: He said that he would go get his pistol.


Q: [Prosecutor]: That's what Morris Ochiltree said?


[Defense Counsel]: I reurge my objection and move for a mistrial.


THE COURT: Objection is overruled. Motion for mistrial is denied. Will
you repeat your question so the jury can hear it, please.


Q: [Prosecutor]: What was it that the defendant, Morris Ochiltree, said in
response to this guy threatening to fight them?


A: Morris Ochiltree said that he would go get his pistol.


Q: And you did place Morris Ochiltree under arrest, you did subsequent to that,
for the aggravated assault warrant, correct?


A: After I found out that he had an aggravated assault warrant for his arrest,
that's when I placed him in custody.



 Before this evidence was admitted, the trial court out of the presence of the jury
heard appellant's objection to the admission of appellant's statement:


(JURY OUT)



THE COURT: All right. Go ahead.


VOIR DIRE EXAMINATION BY PROSECUTOR



Q: Officer Jones, you came up on a disturbance, correct?


A: Yes.


Q: And the people involved in the disturbance were Morris Ochiltree, Charles
Ochiltree, and an unidentified black male, correct?


A: Yes, sir.


Q: And this unidentified black male was threatening to fight Morris Ochiltree,
correct?


A: Exactly.


Q: And Morris Ochiltree made a verbal response; is that correct?


A: Yes, sir.


Q: And what did he say?


A: He said that he would go get his pistol.


Q: Did you place Morris Ochiltree under arrest shortly after that?


A: Yes, sir, once I became aware that he did have an aggravated assault, deadly
weapon warrant.


Q: And you weren't placing him under arrest for what he said, it was because of
that warrant, correct?


A: That's correct.


[Defense Counsel]: Your Honor, that's very prejudicial. I think the probative
value is far outweighed by the prejudicial effect. I mean,
we're talking about a gun case here, now he's going to say,
"Well, I heard Morris Ochiltree say I'm going to go get my
gun."


[Prosecutor]: Which establishes the absolute relevance of it.


[Defense Counsel]: Now, if he had seen a gun - -


THE COURT: I agree that it's relevant. I guess my question is, in terms
of an extraneous offense, it seems to me it's indicative of
the fact that he's guilty of unlawfully carrying a weapon. 
That's the problem that I have with it. I think it's evidence
of an extraneous offense.


[Prosecutor]: Not that he was carrying a weapon because he didn't have
a weapon on him. Not that he was going back to his car to
get a weapon. I don't think we even know he had a car out
there. He could have been talking about the weapon being
legally in his home.


THE COURT: Uh-huh. All right. Well, that's a good flanking move there
by the State. It may be that it wouldn't be a UCW, all
right, and so your objection, aside from extraneous offense,
was relevance?


[Defense Counsel]: Relevance.


THE COURT: And also 403, right?


[Defense Counsel]: And that the probative value of it is going to far outweigh.


THE COURT: Well, it's clear to me that it's relevant. I mean, it does
make more likely the existence of a fact in issue before the
jury. He's plead not guilty to the charge of firing his gun
at these guys and, therefore, whether he has a gun or not is
clearly relevant, you know, at that time period. So in terms
of relevance, I think it's clearly relevant.


[Defense Counsel]: You're going to allow this statement in an aggravated
assault with a deadly weapon involving a gun when he just
heard somebody say or heard Morris say --


THE COURT: He says, "I'm going to go get my gun." I mean, It's
indicative of the fact that the defendant owns a gun. 
Clearly, it's evidence that -- it's clearly relevant. I mean,
it clearly indicates the existence of a fact which is in issue
in the case.


[Defense Counsel]: It's the issue though.


THE COURT: So I think it's clearly relevant. So then your other
objection, then, is 403?


[Defense Counsel]: Yes, sir.


THE COURT: I'll also overrule the 403 objection. I do find that the
probative value outweighs the danger of unfair prejudice.


(JURY PRESENT)



THE COURT: All right. The State may continue.


 Appellant contends that his verbal statement that he would go and get his pistol was
"evidence of an extraneous offense which occurred two days after the instant offense," and
therefore, the statement was erroneously admitted in evidence. The Texas Rules of Evidence
provide:


Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs or acts is not
admissible to prove the character of a person in order to show action in conformity
therewith. It may, however, be admissible for other purposes, such as proof of
motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident.


Tex. R. Evid. 404(b).

 The issue is whether appellant's verbal statement, made on another occasion, was
evidence of a crime, wrong, or act. Although we have found no case authority so holding, we
hold that appellant's verbal statement did not constitute a crime, wrong, or act. Therefore, Rule
404(b) is not applicable and an analysis under that rule is unnecessary. However, even if
appellant's statement may be construed as an extraneous offense, it was admissible.

 Admissibility of evidence of an extraneous offense is governed by the Rules of
Evidence. All relevant evidence is admissible unless otherwise provided by the constitution,
statute, or rules. See Tex. R. Evid. 402. Relevant evidence is that having a tendency to make
the existence of any fact of consequence to the determination of the action more probable or less
probable than it would be without the evidence. See Tex. R. Evid. 401. Even though relevant,
evidence may be excluded if its probative value is substantially outweighed by the danger of unfair
prejudice, confusion of issues, or misleading the jury, or if it would cause undue delay or needless
presentation of cumulative evidence. See Tex. R. Evid. 403. Evidence of a character trait is not
admissible for the purpose of proving that a person acted in conformity with that trait on a
particular occasion, except as allowed by Tex. R. Evid. 404(b). A two-step test is required to
determine the admissibility of an extraneous offense. First, evidence of other crimes, wrongs,
or acts may be admissible if it has relevance apart from its tendency to prove the character of a
person in order to show he acted in conformity therewith. See Tex. R. Evid. 404(b); Montgomery
v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (op. on reh'g). Second, such evidence
is admissible, subject to the trial court's discretion to exclude it if its probative value is
substantially outweighed by the danger of unfair prejudice. See Tex. R. Evid. 403; Montgomery,
810 S.W.2d at 387. In some cases but not this one, a third step may require a court to determine
whether the evidence "remains free of any other constitutional or statutory prohibitions." Rankin
v. State, 974 S.W.2d 707, 709 (Tex. Crim. App. 1996). If the trial court operates within the
boundaries of its discretion, an appellate court should not disturb the trial court's decision. 
Montgomery, 810 S.W.2d at 390.

 "One of the best known exceptions to the rule against proving extraneous crimes
is that any competent evidence which tends to defeat the defense urged is admissible though it
tends to show another offense." Ivey v. State, 212 S.W.2d 146, 148 (Tex. Crim. App. 1948); see
also Crank v. State, 761 S.W.2d 328, 346 (Tex. Crim. App. 1988); Castillo v. State, 865 S.W.2d
89, 92 (Tex. App.--Corpus Christi 1993, no pet.); Posey v. State, 840 S.W.2d 34, 38 (Tex.
App.--Dallas 1992, pet. ref'd).

 The State alleged and was required to prove that when the victims were assaulted,
appellant used and exhibited a firearm. Appellant's defense was that he did not use or exhibit a
firearm when the alleged assault was committed. Therefore, whether appellant used or displayed
a firearm was a fact of consequence, and evidence having a tendency to make it more or less
probable that appellant used or exhibited a firearm was admissible. Evidence is sufficiently
relevant to be admissible if the evidence "provides a small nudge toward proving or disproving
some fact of consequence." Montgomery, 810 S.W.2d at 376; Amunson v. State, 928 S.W.2d
601, 605 (Tex. App.--San Antonio 1996, pet. ref'd); Henderson v. State, 906 S.W.2d 589, 594
(Tex. App.--El Paso 1995, pet. ref'd).

 From appellant's statement, it may be inferred that he had a pistol less than two
days after the charged offense was committed. This made it more probable that appellant had
available and used and exhibited a pistol at the time of the alleged offense, thus tending to prove
a necessary element of the charged offense and to make less probable appellant's defense.

 The trial court found that the appellant's statement was clearly relevant and that its
probative value outweighed the danger of unfair prejudice. The trial court's terse balancing of
the evidence's probative value with the danger of unfair prejudice was commensurate with
appellant's objection. We hold that the trial court did not abuse its discretion in admitting in
evidence appellant's statement and overrule appellant's point of error. 





 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Dally*

Affirmed

Filed: March 23, 2000

Do Not Publish





































* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



tions." Rankin
v. State, 974 S.W.2d 707, 709 (Tex. Crim. App. 1996). If the trial court operates within the
boundaries of its discretion, an appellate court should not disturb the trial court's decision. 
Montgomery, 810 S.W.2d at 390.

 "One of the best known exceptions to the rule against proving extraneous crimes
is that any competent evidence which tends to defeat the defense urged is admissible though it
tends to show another offense." Ivey v. State, 212 S.W.2d 146, 148 (Tex. Crim. App. 1948); see
also Crank v. State, 761 S.W.2d 328, 346 (Tex. Crim. App. 1988); Castillo v. State, 865 S.W.2d
89, 92 (Tex. App.--Corpus Christi 1993, no pet.); Posey v. State, 840 S.W.2d 34, 38 (Tex.
App.--Dallas 1992, pet. ref'd).

 The State alleged and was required to prove that when the victims were assaulted,
appellant used and exhibited a firearm. Appellant's defense was that he did not use or exhibit a
firearm when the alleged assault was committed. Therefore, whether appellant used or displayed
a firearm was a fact of consequence, and evidence having a tendency to make it more or less
probable that appellant used or exhibited a firearm was admissible. Evidence is sufficiently
relevant to be admissible if the evidence "provides a small nudge toward proving or disproving
some fact of consequence." Montgomery, 810 S.W.2d at 376; Amunson v. State, 928 S.W.2d
601, 605 (Tex. App.--San Antonio 1996, pet. ref'd); Henderson v. State, 906 S.W.2d 589, 594
(Tex. App.--El Paso 1995, pet. ref'd).

 From appellant's statement, it may be inferred that he had a pistol less than two
days after the charged offense was committed. This made it more probable that appellant had
available and used and exhibited a pistol at the time of the alleged offense, thus tending to prove
a necessary element of the charged offense and to make less probable appellant's defense.

 The trial court found that the appellant's statement was clearly relevant and that its
probative value outweighed the danger of unfair prejudice. The trial court's terse balancing of
the evidence's probative value with the danger of unfair prejudice was commensurate with
appellant's objection. We hold that the trial court did not abuse its discretion in admitting in
evidence appellant's statement and overrule appellant's point of error. 





 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Dally*

Affirmed

Filed: March 23, 2000

Do Not Publish