NUMBER 13-00-505-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


CARL LAMPKIN , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 130th District Court

of Matagorda County, Texas.

__________________________________________________________________


MEMORANDUM OPINION

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Rodriguez


Appellant, Carl Lampkin, is appealing from a jury trial that resulted in his conviction for delivery of a controlled substance. 
The trial court assessed punishment at two years confinement and a $5,000.00 fine. By two points of error, appellant
complains that the trial court erred in admitting evidence of chemical test results and identification testimony. Appellant
also contends, by a separate point, that the trial court erred in denying his request for the jury to assess punishment. We
affirm in part, and reverse and remand in part.

As this is a memorandum opinion not designated for publication, and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1.

By appellant's first point, he asserts the trial court erred in allowing the admission of the alleged contraband and testimony
identifying the substance as cocaine because the State presented no evidence regarding the reliability of the testing
procedure utilized by the chemist to form his opinion. We construe appellant's complaint as a Daubert Robinson challenge. 
See Daubert v. Merrell Dow Pharm., 509 U.S. 579, 589-92, (1993) (scientific expert testimony must be relevant and
reliable to be to be admitted under rule 702); E.I. du Pont de Nemours and Co. v. Robinson, 923 S.W.2d 549, 557 (Tex.
1995) (same). An appellate court should not disturb the trial court's decision regarding the admission of scientific evidence
absent an abuse of discretion. See Hinojosa v. State, 4 S.W.3d 240, 251 (Tex. Crim. App. 2000). 

The Texas Court of Criminal Appeals has held that rule of evidence 702 requires satisfaction of the following three-part
reliability test for the admission of scientific evidence: (1) the underlying scientific theory must be valid; (2) the technique
applying the theory must be valid; and (3) the technique must have been properly applied on the occasion in question. See
Kelly v. State, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992); Emerson v. State, 880 S.W.2d 759, 763-64 (Tex. Crim. App.
1994).

At trial, the State's expert witness, Minh Nguyen, identified the substance at issue as cocaine. Nguyen testified as to his
qualifications as a chemist at the Department of Public Safety crime lab in Houston. He also generally testified that he
routinely performed "several color tests, instrumental tests, and compared the results to the standard." Nguyen did not,
however, identify the specific tests he performed in this case. His testimony was only that he performed a scientific
analysis on the substance. Based on the record before this Court, we conclude that the trial court abused its discretion and
erred in admitting the identification testimony of this State's expert witness.

However, an error in the admission of evidence is cured when the same evidence comes in elsewhere without objection. 
See Butler v. State, 769 S.W.2d 234, 241 (Tex. Crim. App. 1989), overruled on other grounds, Geesa v. State, 820 S.W.2d
154 (Tex. Crim. App. 1991); Posey v. State, 840 S.W.2d 34, 37 (Tex. App.-Dallas 1992, pet. ref'd). A defendant must
object every time objectionable evidence is offered or error is waived. Johnson v. State, 803 S.W.2d 272, 291 (Tex. Crim.
App. 1990), overruled on other grounds, Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App. 1991). Earlier in the trial,
Officer Robbie Galvan testified that he performed a field test on the substance in question and identified it as cocaine. 
Appellant did not object to this testimony. Any error in admitting the testimony of Nguyen was cured by appellant's failure
to object to the same identification testimony being admitted at another time during the trial. See Butler, 769 S.W.2d at
241. Accordingly, we overrule appellant's first point of error.

By his second point of error, appellant contends there was a substantial likelihood of misidentification as a result of the
procedure used to identify appellant. He complains that the in-court identification testimony provided by two undercover
narcotics officers was based on a seriously flawed procedure used to identify the three suspects on the night in question. 
However, "to preserve error on appeal, a party must obtain a ruling from the trial court or object to the trial court's refusal
to rule." Martinez v. State, 17 S.W.3d 677, 686 (Tex. Crim. App. 2000) (citing Tex. R. App. P. 33.1(a)(2)(A) & (B)). 
Appellant did not object to the testimony about which he now complains. The trial court never ruled on the admissibility of
the identification testimony. Error, if any, with respect to this testimony has not been preserved for review. Appellant's
second point of error is overruled.

By point of error three, appellant complains that the trial court erred in denying him the right to have a jury assess
punishment. Relevant to this case, article 37.07(2)(b)(2) of the Texas Code of Criminal Procedure provides that, if a
finding of guilty is returned, the judge shall assess punishment, unless the defendant elects in writing before the
commencement of the voir dire examination of the jury panel to have punishment assessed by the jury. See Tex. Code
Crim. Proc. Ann. art. 37.07(2)(b)(2) (Vernon Supp. 2001). On July 9, 2000, appellant filed his election asking that
"punishment, if any, in this cause be assessed by the jury." Appellant announced ready for trial subject to his pretrial
motions. (1) The voir dire examination of the jury panel began July 31, 2000. Thus, pursuant to article 37.03(2)(b)(2), his
election was timely filed.

The State contends appellant waived his election. This argument is based on a July 6, 2000, docket entry that notes
"[m]otions waived." However, appellant did not file his election until July 9, 2000, after the noted waiver. We find no
other waiver in the record; thus, we cannot conclude appellant waived his election. 

The State also contends that because the trial court set a pretrial hearing for May 3, 2000, and appellant did not file his
election until July 9, 2000, his election was untimely because he did not comply with the time limits set forth in article
28.01 of the Texas Code of Criminal Procedure. This article requires pleadings, including his jury election, to be filed
before the pretrial hearing. See Tex. Code Crim. Proc. Ann. art. 28.01, §1(2) (Vernon 1989); see also Tex. Code Crim.
Proc. Ann. art. 27.02(7) (Vernon 1989). However, a pretrial hearing must be held for article 28.01 to apply. See Postell v.
State, 693 S.W.2d 462, 464 (Tex. Crim. App. 1985). In this case, although the pretrial hearing was set and proceedings in
the case were reset on at least three occasions, we find no entry in the record indicating that a hearing on pretrial motions
was held before appellant made his election. See id. Therefore, we cannot conclude a pretrial hearing was held. We give
effect to article 37.07 and conclude the election was timely filed before voir dire. The trial court erred in denying
appellant's election. Appellant's third point of error is sustained.

Accordingly, we affirm the judgment of the trial court as to appellant's conviction, and reverse and remand for a new trial
on punishment. 

 

NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 3rd day of January, 2002.

 

1. Appellant appears to have used the word "motion" to include his election of a jury to assess punishment if he is found
guilty. We note, however, that the code of criminal procedure identifies such an election more correctly as a pleading. See
Tex. Code Crim. Proc. Ann. art. 28.01, §1(2) (Vernon 1989); see also Tex. Code Crim. Proc. Ann. art. 27.02(7) (Vernon
1989).